MICHAEL RUBERTON, PROSECUTOR, v. JOSEPH GATTA AND THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF ATLANTIC, RESPONDENTS.

Submitted July 3, 1923—Decided October 22, 1923.

**Appeals—Dismissal Asked Because Case not Noticed nor Listed at First Available Term—Merit of Grounds of Appeal Considered—May Certiorari Lie in such Cases.**

On *certiorari.*

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutor, *Dean S. Renwick.*

For the respondents, *John C. Reed.*

PER CURIAM.

This writ of *certiorari* is directed to an order made by the Court of Common Pleas of Atlantic county refusing to dismiss an appeal from a justice's court, the ground of that application being that the appeal was not noticed and put on the list at the first available term.

The writ of *certiorari* being in cases of this kind *tantamount* to a writ of error, we think that the application is

premature, as *certiorari* in such a case will not. lie until after final judgment.

But assuming that *certiorari* will lie we see no reason why the prosecutor should prevail. There was a judgment recovered before the justice against the appellant, defendant below, and appeal was taken. Notice was duly given and bond filed but in some way the appeal was not perfected until six days before the term opened. While under the law the appeal could probably have been noticed for a day in term, there seems to be no obligation upon the appellant so to notice it, and hence the failure to have the appeal listed for that term seems inconsequential. The following term came on, however, and apparently nothing was done toward giving notice or bringing on the case. On the opening day the respondent moved to dismiss the appeal, but as he had given no notice of this motion, the court directed him to do so. This was in January, and respondent appears not to have moved until April 10th, when the May term was pending, and in a few days the appeal would be ripe for trial. The court declined to dismiss the appeal when this motion was made on April 10th, and this is the judicial action now sought to be reviewed.

It does not seem to be denied that the appeal is meritorious and it so appears to us, and we are unable to see that the court committed legal error in declining to dismiss the appeal on technical grounds when the respondent was fully secured by his bond, had been himself slow and negligent in enforcing his rights, and when a speedy trial was available at a term about to begin.

Section 90 of the Justices' Court act provides among other things that either party may give notice to place the appeal on for trial, and in default of such notice the court, unless good cause be shown, shall dismiss the appeal. *Comp. Stat.*, *p.* 3008. This, as we view it, places the question of dismissal or not largely within the discretion of the Court of Common Pleas, based on the question whether good cause, *i. e.*, cause satisfactory to the discretion of that court, be shown. The

prosecutor in the present case cites the decision in *Gaskill* v. *Miller,* 71 *N. J. L.* 103, as authority for the proposition that the court ought to have dismissed, but an examination of that case shows that what the court did in that case was actually to dismiss the appeal and thereby terminate the litigation so that a *certiorari* would lie, and, morever, that the Supreme Court then refused to interfere with the discretion of the Common Pleas in ordering such dismissal, stating, in effect, that the facts showed that there was no abuse of such discretion.  This seems, therefore, an authority for our present position, which is that we find no abuse of the discretion of the Pleas in refusing to dismiss the appeal in question; and this, as well as the point already noted with respect to finality, leads to a dismissal of the present writ, with costs.  Such will be the order.